FILED - GR
July 30, 2008 4:22 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw____/_______

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BISSELL HOMECARE, INC.,

Plaintiff,

v.

TTI FLOOR CARE NORTH AMERICA

Defendant.

Civil Action No. **1:08-cv-724**

**Robert J. Jonker**
**U.S. District Judge**

**COMPLAINT**

Plaintiff, Bissell Homecare, Inc. ("BISSELL"), for its Complaint against the Defendant, TTI Floor Care North America ("TTI"), alleges and states:

**PARTIES AND JURISDICTION**

1. BISSELL is a corporation organized under the laws of Michigan with its principal place of business in Grand Rapids, Michigan.

2. Upon information and belief, TTI is an Ohio corporation having a place of business in Glenwillow, Ohio.

3. This action arises under the patent laws of the United States. This action is brought pursuant to 35 U.S.C. § 271 *et seq.*

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

5. The amount in controversy exceeds $75,000, excluding interest and costs.

6. This Court has personal jurisdiction over Defendant because, among other things, it has caused injury in Michigan by its offers to sell and actual sales of infringing products in

Michigan.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district by virtue of the sale, offering for sale, distribution or advertising of infringing goods in this district.

## FACTS

### BISSELL's Business and Intellectual Property

8. BISSELL manufactures and sells, *inter alia*, vacuum cleaners for home use under BISSELL trademarks.

9. BISSELL is the owner of U.S. Patent No. 6,344,064 (the "'064 patent") which is directed to a method and apparatus of particle transfer in multi-stage particle separators.

10. BISSELL is the owner of U.S. Patent No. 6,582,489 (the "'489 patent") which is also directed to a method and apparatus of particle transfer in multi-stage particle separators.

11. BISSELL has sold in the past, and continues to sell, products covered by the '064 and '489 patents.

12. BISSELL has marked its products with the '064 and/or '489 patents before at least some of the acts of infringement of the Defendant identified in this complaint.

13. By the acts described below, Defendants have infringed BISSELL's '064 and '489 patents to BISSELL's irreparable injury.

### Patent Infringement

14. BISSELL incorporates the allegations set forth in Paragraphs 1 through 13 above as though fully set forth herein.

15. Upon information and belief, TTI is in the business of making and/or selling

vacuum cleaners. Among other things, Defendant manufactures and/or sells a vacuum cleaner identified by the name "Whisper Cyclonic."

16. Upon information and belief, Defendant manufactures and/or sells, or offers to sell, its products, including the "Whisper Cyclonic" at national retailer stores in Michigan and elsewhere in the United States.

17. The manufacture, use, sale, and/or offer for sale of certain of Defendant's products, including the "Whisper Cyclonic" infringes the '064 and '489 patents.

18. Defendant will continue to infringe the '064 and '489 patents unless enjoined by this Court.

19. BISSELL has suffered and will continue to suffer monetary damages as a result of the Defendant's infringing activities.

20. BISSELL has suffered and will continue to suffer irreparable harm as a result of Defendant's infringing activities.

21. Upon information and belief, Defendant's infringement of the '064 and '489 patents have been with at least constructive knowledge of the patents.

22. Based upon this information and belief, the Defendant's infringement of the BISSELL patents has been willful.

23. BISSELL is entitled to damages, including but not limited to, all damages available under Section 281 *et seq.*, including damages pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 285.

24. BISSELL is entitled to all remedies available pursuant to 35 U.S.C. § 281 *et seq.*, including but not limited to an injunction pursuant to 35 U.S.C. § 283.

WHEREFORE, BISSELL respectfully prays that this Court grant the following relief:

1. Preliminarily and permanently enjoin Defendant and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order ("Defendants' Affiliates") from importing, manufacturing, using, selling and/or offering for sale devices which infringe the '064 patent, and from contributing to or inducing infringement of the patent.

2. Preliminarily and permanently enjoin Defendants and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order ("Defendants' Affiliates") from importing, manufacturing, using, selling and/or offering for sale devices which infringe the '489 patent, and from contributing to or inducing infringement of the patent.

3. Award BISSELL monetary damages adequate to compensate it for past patent infringement consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages, together with attorneys' fees, costs and prejudgment interest.

4. Award BISSELL's costs and expenses of this suit, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285.

5. Award BISSELL all other just and proper relief.

Dated: July 30, 2008

Respectfully submitted,

Daniel R. Gravelyn (P40306)
BARNES & THORNBURG LLP
300 Ottawa Ave., NW Suite 500
Grand Rapids, MI 49503
Telephone: 616-742-3930
*dgravelyn@btlaw.com*

Attorneys for BISSELL Homecare, Inc.

INDS02 PBH 988408v1