UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BISSELL HOMECARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:08-cv-724 |
| v. ) | |
| ) | Hon. Robert J. Jonker |
| TTI FLOOR CARE NORTH AMERICA, ) | |
| and DYSON, INC., ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Bissell Homecare, Inc. ("BISSELL"), for its First Amended Complaint against the Defendants, TTI Floor Care North America ("TTI") and Dyson, Inc. ("DYSON"), alleges and states as follows:

## PARTIES AND JURISDICTION

1. BISSELL is a corporation organized under the laws of Michigan, with its principal place of business in Grand Rapids, Michigan.

2. Upon information and belief, TTI is an Ohio corporation with its principal place of business in Glenwillow, Ohio.

3. Upon information and belief, DYSON is an Illinois corporation with its principal place of business in Chicago, Illinois.

4. This action arises under the patent laws of the United States. This action is brought pursuant to 35 U.S.C. § 271 *et seq*.

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

6. The amount in controversy exceeds $75,000, excluding interest and costs.

7.  This Court has personal jurisdiction over Defendants because, among other things, they have caused injury in Michigan by their offers to sell and actual sales of infringing products in Michigan.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district by virtue of the sale, offering for sale, distribution and/or advertising of infringing products here.

## FACTS

### BISSELL's Business and Intellectual Property

9.  BISSELL manufactures and sells, *inter alia*, vacuum cleaners for home use under BISSELL trademarks.

10. BISSELL is the owner of U.S. Patent No. 6,344,064 (the "'064 patent") which is directed to a method and apparatus of particle transfer in multi-stage particle separators.

11. BISSELL is the owner of U.S. Patent No. 6,582,489 (the "'489 patent") which is also directed to a method and apparatus of particle transfer in multi-stage particle separators.

12. BISSELL is the owner of U.S. Patent No. 7,247,181 (the "'181 patent") which is directed to a cyclonic dirt separation module.

13. BISSELL has sold in the past, and continues to sell, products covered by the '064 patent, the '489 patent.

14. BISSELL has marked its products with the '064 patent and the '489 patent before at least some of the acts of infringement by each Defendant identified in this First Amended Complaint.

15. By the acts described below, TTI has infringed BISSELL's '064 patent and '489 patent to BISSELL's irreparable injury.

16. By the acts described below, DYSON has infringed BISSELL's '064 patent, '489 patent, and '181 patent to BISSELL's irreparable injury.

## COUNT I
### Patent Infringement Against TTI

17. BISSELL incorporates the allegations set forth in Paragraphs 1 through 16 above as though fully set forth herein.

18. Upon information and belief, TTI is in the business of making and/or selling vacuum cleaners for home use. Among other things, TTI manufactures and/or sells a vacuum cleaner identified by the name "Whisper Cyclonic."

19. Upon information and belief, TTI manufactures and/or sells, or offers to sell, its products, including the "Whisper Cyclonic" at national retail stores in Michigan and elsewhere in the United States.

20. The manufacture, use, sale, and/or offer for sale of certain of TTI's products, including the "Whisper Cyclonic" infringes the '064 patent and the '489 patent.

21. TTI will continue to infringe the '064 patent and the '489 patent unless enjoined by this Court.

22. BISSELL has suffered and will continue to suffer monetary damages as a result of the TTI's infringing activities.

23. BISSELL has suffered and will continue to suffer irreparable harm as a result of TTI's infringing activities.

24. Upon information and belief, TTI's infringement of the '064 patent and the '489 patent has been with at least constructive knowledge of the patents.

25. Based upon this information and belief, TTI's infringement of the BISSELL patents has been willful.

26. BISSELL is entitled to damages, including but not limited to, all damages available under Section 281 *et seq.*, including damages pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 285.

27. BISSELL is entitled to all remedies available pursuant to 35 U.S.C. § 281 *et seq.*, including but not limited to an injunction pursuant to 35 U.S.C. § 283.

WHEREFORE, BISSELL respectfully prays that this Court grant the following relief:

A. Preliminarily and permanently enjoin TTI and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order ("TTI's Affiliates") from importing, manufacturing, using, selling and/or offering for sale devices which infringe the '064 patent, and from contributing to or inducing infringement of the patent.

B. Preliminarily and permanently enjoin TTI's Affiliates from importing, manufacturing, using, selling and/or offering for sale devices which infringe the '489 patent and from contributing to or inducing infringement of the patent.

C. Award BISSELL monetary damages adequate to compensate it for past patent infringement consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages, together with attorneys' fees, costs and prejudgment interest.

D. Award BISSELL's costs and expenses of this suit, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285.

E. Award BISSELL all other just and proper relief.

## COUNT II
### Patent Infringement Against Dyson

28. BISSELL incorporates the allegations set forth in Paragraphs 1 through 16 above as though fully set forth herein.

4

29. Upon information and belief, DYSON is in the business of making and/or selling vacuum cleaners for home use.

30. Upon information and belief, DYSON manufactures and/or sells, or offers to sell, its products at national retail stores in Michigan and elsewhere in the United States.

31. The manufacture, use, sale, and/or offer for sale of nearly the entire line of DYSON vacuum cleaner products for home use infringes the '064 patent, the '489 patent and/or the '181 patent.

32. DYSON will continue to infringe the '064 patent, the '489 patent and the '181 patent unless enjoined by this Court.

33. BISSELL has suffered and will continue to suffer monetary damages as a result of DYSON's infringing activities.

34. BISSELL has suffered and will continue to suffer irreparable harm as a result of DYSON's infringing activities.

35. Upon information and belief, DYSON's infringement of the '064 patent, the '489 patent and the '181 patent has been with at least constructive knowledge of the patents.

36. Based upon this information and belief, DYSON's infringement of the BISSELL patents has been willful.

37. BISSELL is entitled to damages, including but not limited to, all damages available under Section 281 *et seq.*, including damages pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 285.

38. BISSELL is entitled to all remedies available pursuant to 35 U.S.C. § 281 *et seq.*, including but not limited to an injunction pursuant to 35 U.S.C. § 283.

WHEREFORE, BISSELL respectfully prays that this Court grant the following relief:

A. Preliminarily and permanently enjoin DYSON and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order ("DYSON's Affiliates") from importing, manufacturing, using, selling and/or offering for sale devices which infringe the '064 patent and from contributing to or inducing infringement of the patent.

B. Preliminarily and permanently enjoin DYSON's Affiliates from importing, manufacturing, using, selling and/or offering for sale devices which infringe the '489 patent and from contributing to or inducing infringement of the patent.

C. Preliminarily and permanently enjoin DYSON's Affiliates from importing, manufacturing, using, selling and/or offering for sale devices which infringe the '181 patent and from contributing to or inducing infringement of the patent.

D. Award BISSELL monetary damages adequate to compensate it for past patent infringement consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages, together with attorneys' fees, costs and prejudgment interest.

E. Award BISSELL's costs and expenses of this suit, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285.

F. Award BISSELL all other just and proper relief.

Dated: January 8, 2009          Respectfully submitted,

                                   s/ Daniel R. Gravelyn
                                   Daniel R. Gravelyn (P40306)
                                   Barnes & Thornburg LLP
                                   300 Ottawa Ave NW, Suite 500
                                   Grand Rapids, MI 49503
                                   Telephone: 616-742-3930
                                   dgravelyn@btlaw.com
                                   Attorneys for BISSELL Homecare, Inc.

374685