UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BISSELL HOMECARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:08-cv-724 |
| v. ) | |
| ) | Hon. Robert J. Jonker |
| TTI FLOOR CARE NORTH AMERICA, ) | |
| and DYSON, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TTI FLOOR CARE NORTH AMERICA'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FIRST
AMENDED COMPLAINT**

Defendant TTI Floor Care North America ("TTI") submits its answer, affirmative defenses, and counterclaims to the First Amended Complaint of Plaintiff, Bissell Homecare, Inc. ("BISSELL"), as follows:

**PARTIES AND JURISDICTION**

1. BISSELL is a corporation organized under the laws of Michigan, with its principal place of business in Grand Rapids, Michigan.

**Response to Paragraph 1:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. Upon information and belief, TTI is an Ohio corporation with its principal place of business in Glenwillow, Ohio.

**Response to Paragraph 2:** TTI admits that Royal Appliance Manufacturing Company, d/b/a TTI Floor Care North America, is an Ohio corporation with its principal place of business in Glenwillow, Ohio.

3. Upon information and belief, DYSON is an Illinois corporation with its principal place of business in Chicago, Illinois.

**Response to Paragraph 3:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. This action arises under the patent laws of the United States. This action is brought pursuant to 35 U.S.C. § 271 *et seq*.

**Response to Paragraph 4:** TTI admits that BISSELL purports to allege an action for patent infringement arising under 35 U.S.C. §§ 271 et seq., but denies that Bissell has a valid claim against it.

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

**Response to Paragraph 5:** TTI admits that this Court has subject matter jurisdiction over this matter.

6. The amount in controversy exceeds $75,000, excluding interest and costs.

**Response to Paragraph 6:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7. This Court has personal jurisdiction over Defendants because, among other things, they have caused injury in Michigan by their offers to sell and actual sales of infringing products in Michigan.

**Response to Paragraph 7:** TTI admits that this Court has personal jurisdiction over TTI based on its sale of the accused product in Michigan, but denies the remaining allegations of Paragraph 7.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district by virtue of the sale, offering for sale, distribution and/or advertising of infringing products here.

**Response to Paragraph 8:** TTI admits that venue is proper in this judicial district, but denies the remaining allegations of Paragraph 8.

## FACTS

### BISSELL's Business and Intellectual Property

9. BISSELL manufactures and sells, *inter alia*, vacuum cleaners for home use under BISSELL trademarks.

**Response to Paragraph 9:** Admitted.

10. BISSELL is the owner of U.S. Patent No. 6,344,064 (the "'064 patent") which is directed to a method and apparatus of particle transfer in multi-stage particle separators.

**Response to Paragraph 10:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. BISSELL is the owner of U.S. Patent No. 6,582,489 (the "'489 patent") which is also directed to a method and apparatus of particle transfer in multi-stage particle separators.

**Response to Paragraph 11:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. BISSELL is the owner of U.S. Patent No. 7,247,181 (the "'181 patent") which is directed to a cyclonic dirt separation module.

**Response to Paragraph 12:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. BISSELL has sold in the past, and continues to sell, products covered by the '064 patent, the '489 patent.

**Response to Paragraph 13:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. BISSELL has marked its products with the '064 patent and the '489 patent before at least some of the acts of infringement by each Defendant identified in this First Amended Complaint.

**Response to Paragraph 14:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. By the acts described below, TTI has infringed BISSELL's '064 patent and '489 patent to BISSELL's irreparable injury.

**Response to Paragraph 15:** Denied.

16. By the acts described below, DYSON has infringed BISSELL's '064 patent, '489 patent, and '181 patent to BISSELL's irreparable injury.

**Response to Paragraph 16:** TTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

## COUNT I
### Patent Infringement Against TTI

17. BISSELL incorporates the allegations set forth in Paragraphs 1 through 16 above as though fully set forth herein.

**Response to Paragraph 17:** TTI incorporates the allegations set forth in its responses Paragraphs 1 through 16 as though fully set forth herein.

18. Upon information and belief, TTI is in the business of making and/or selling vacuum cleaners for home use. Among other things, TTI manufactures and/or sells a vacuum cleaner identified by the name "Whisper Cyclonic."

**Response to Paragraph 18:** Admitted.

4

19. Upon information and belief, TTI manufactures and/or sells, or offers to sell, its products, including the "Whisper Cyclonic" at national retail stores in Michigan and elsewhere in the United States.

**Response to Paragraph 19:** Admitted.

20. The manufacture, use, sale, and/or offer for sale of certain of TTI's products, including the "Whisper Cyclonic" infringes the '064 patent and the '489 patent.

**Response to Paragraph 20:** Denied.

21. TTI will continue to infringe the '064 patent and the '489 patent unless enjoined by this Court.

**Response to Paragraph 21:** Denied.

22. BISSELL has suffered and will continue to suffer monetary damages as a result of the TTI's infringing activities.

**Response to Paragraph 22:** Denied.

23. BISSELL has suffered and will continue to suffer irreparable harm as a result of TTI's infringing activities.

**Response to Paragraph 23:** Denied.

24. Upon information and belief, TTI's infringement of the '064 patent and the '489 patent has been with at least constructive knowledge of the patents.

**Response to Paragraph 24:** Denied.

25. Based upon this information and belief, TTI's infringement of the BISSELL patents has been willful.

**Response to Paragraph 25:** Denied.

5

26. BISSELL is entitled to damages, including but not limited to, all damages available under Section 281 *et seq.*, including damages pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 285.

**Response to Paragraph 26:** Denied.

27. BISSELL is entitled to all remedies available pursuant to 35 U.S.C. § 281 *et seq.*, including but not limited to an injunction pursuant to 35 U.S.C. § 283.

**Response to Paragraph 27:** Denied.

### ANSWER TO PRAYER FOR RELIEF AGAINST TTI

TTI incorporates herein its responses to Paragraphs 1 through 27 of the First Amended Complaint and denies that BISSELL is entitled to any relief or judgment against TTI.

### COUNT II
### Patent Infringement Against Dyson

28. BISSELL incorporates the allegations set forth in Paragraphs 1 through 16 above as though fully set forth herein.

**Response to Paragraph 28:** This allegation against Dyson requires no response by TTI.

29. Upon information and belief, DYSON is in the business of making and/or selling vacuum cleaners for home use.

**Response to Paragraph 29:** This allegation against Dyson requires no response by TTI.

30. Upon information and belief, DYSON manufactures and/or sells, or offers to sell, its products at national retail stores in Michigan and elsewhere in the United States.

**Response to Paragraph 30:**  This allegation against Dyson requires no response by TTI.

31. The manufacture, use, sale, and/or offer for sale of nearly the entire line of DYSON vacuum cleaner products for home use infringes the '064 patent, the '489 patent and/or the '181 patent.

**Response to Paragraph 31:**  This allegation against Dyson requires no response by TTI.

32. DYSON will continue to infringe the '064 patent, the '489 patent and the '181 patent unless enjoined by this Court.

**Response to Paragraph 32:**  This allegation against Dyson requires no response by TTI.

33. BISSELL has suffered and will continue to suffer monetary damages as a result of DYSON's infringing activities.

**Response to Paragraph 33:**  This allegation against Dyson requires no response by TTI.

34. BISSELL has suffered and will continue to suffer irreparable harm as a result of DYSON's infringing activities.

**Response to Paragraph 34:**  This allegation against Dyson requires no response by TTI.

35. Upon information and belief, DYSON's infringement of the '064 patent, the '489 patent and the '181 patent has been with at least constructive knowledge of the patents.

**Response to Paragraph 35:**  This allegation against Dyson requires no response by TTI.

36. Based upon this information and belief, DYSON's infringement of the BISSELL patents has been willful.

**Response to Paragraph 36:** This allegation against Dyson requires no response by TTI.

37. BISSELL is entitled to damages, including but not limited to, all damages available under Section 281 *et seq.*, including damages pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 285.

**Response to Paragraph 37:** This allegation against Dyson requires no response by TTI.

38. BISSELL is entitled to all remedies available pursuant to 35 U.S.C. § 281 *et seq.*, including but not limited to an injunction pursuant to 35 U.S.C. § 283.

**Response to Paragraph 38:** This allegation against Dyson requires no response by TTI.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. As a first and separate defense, each claim of the '064 and '489 patents is invalid for failing to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq., including without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

### Second Affirmative Defense

2. As a second and separate defense, TTI has not infringed, induced infringement of, or contributorily infringed any valid claim of the '064 or '489 patents.

### Third Affirmative Defense

3. As a third and separate defense, BISSELL's claims against TTI are barred in whole or in part under the doctrine of equitable estoppel and/or laches.

**Fourth Affirmative Defense**

4. As a fourth and separate defense, BISSELL is barred in whole or in part from relief against TTI under the doctrine of unclean hands.

**Fifth Affirmative Defense**

5. As a fifth and separate defense, BISSELL is barred in whole or in part from relief against TTI under 35 U.S.C. § 287.

**Sixth Affirmative Defense**

6. As a sixth and separate defense, the '064 and '489 patents are unenforceable due to inequitable conduct. See Counterclaim V, ¶¶ 9-16, which is incorporated by reference herein.

Defendant TTI reserves the right to add additional affirmative defenses if they become known.

WHEREFORE, TTI requests that all claims against it be dismissed and that TTI be awarded all of its costs and expenses, including reasonable attorneys' fees, wrongly incurred in this action.

**COUNTERCLAIM**

For its Counterclaim, TTI states and alleges as follows:

**Parties and Jurisdiction**

1. Royal Appliance Manufacturing Company, d/b/a TTI Floor Care North America, is an Ohio corporation with its principal place of business in Glenwillow, Ohio.

2. On information and belief, and as stated in its First Amended Complaint, BISSELL is a corporation organized under the laws of Michigan, with its principal place of business in Grand Rapids, Michigan

3.       TTI's counterclaim is brought under the patent laws of the United States. Jurisdiction is based on 28 U.S.C. §§ 1338(a) and 2201, and venue is based on 28 U.S.C. §§ 1391 and 1400(b).

4.       An actual and justiciable controversy has arisen and now exists between TTI and BISSELL concerning whether the '064 and '489 patents are valid and infringed.  By its First Amended Complaint, BISSELL has asserted that the '064 and '489 patents are valid and has asserted a purported claim alleging infringement of the '064 and '489 patents by TTI.

### Count I – Declaration of Invalidity of the '064 Patent

5.       TTI seeks a declaratory judgment that the '064 patent is invalid under one or more of the grounds specified in the United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Count II – Declaration of Invalidity of the '489 Patent

6.       TTI seeks a declaratory judgment that the '489 patent is invalid under one or more of the grounds specified in the United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Count III – Declaration of No Infringement of the '064 Patent

7.       TTI seeks a declaratory judgment that it has not infringed, induced infringement of, or contributorily infringed any valid claim of the '064 patent.

### Count IV – Declaration of No Infringement of the '489 Patent

8.       TTI seeks a declaratory judgment that it has not infringed, induced infringement of, or contributorily infringed any valid claim of the '489 patent.

### Count V – Declaration of Unenforceability of the '064 and '489 Patents

9.       TTI seeks a declaratory judgment that the '064 and '489 patents are unenforceable due to inequitable conduct.

10. U.S. Patent No. 2,171,248 ("the '248 patent"), entitled "Vacuum Cleaning Apparatus," issued on August 29, 1939. The '248 patent discloses a vacuum cleaning apparatus for separating dust from the air drawn through the apparatus.

11. The contents of the '248 patent are highly material to the patentability of the claims of the '064 and '489 patents, as it anticipates and/or, combined with other cited references, renders obvious, one or more of those claims.

12. The applicant for the '064 and '489 patents ("Applicant") never disclosed the '248 patent during prosecution of the '064 and '489 patents, and the '248 patent is not listed on the face of the '064 or '489 patents as a cited reference.

13. Applicant was aware of the '248 patent because Applicant cited it in the prior prosecution of U.S. Patent No. 6,334,234 ("the '234 patent"). Despite this knowledge, Applicant did not bring the '248 patent to the Examiner's attention during the prosecution of the '064 and '489 patents.

14. Applicant attempted to obtain priority to the '234 patent during prosecution of the '064 patent. Upon information and belief, it knew that its attempts failed.

15. Upon information and belief, Applicant failed to disclose the highly material '248 patent with intent to deceive the Patent Office.

16. Because Applicant failed to disclose highly material prior art with an intent to deceive the Patent Office during the prosecution of the '064 and '489 patents, both patents are unenforceable due to inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, TTI prays for the following relief:

a. For a declaration that the '064 patent is invalid;

b. For a declaration that the '489 patent is invalid;

  c. For a declaration that TTI has not infringed, induced infringement of, or contributorily infringed any valid claim of the '064 patent;

  d. For a declaration that TTI has not infringed, induced infringement of, or contributorily infringed any valid claim of the '489 patent;

  e. For a declaration that the '064 and '489 patents are unenforceable due to inequitable conduct;

  f. For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285;

  g. For an award to TTI of its costs and expenses, including reasonable attorneys' fees; and

  h. Granting such other and further relief as the Court may deem just and proper.

Dated: January 26, 2009        Respectfully submitted,

                s/ J. Donald Best
               J. Donald Best (1012450)
               MICHAEL BEST & FRIEDRICH LLP
               One South Pinckney Street, Suite 700
               Madison, WI 53703
               Telephone: (608) 257-3501
               Facsimile: (608) 283-2275
               E-mail: jdbest@michaelbest.com

               Eric C. Lund (P59903)
               Barbara L. Mandell (P36437)
               DYKEMA GOSSETT PLLC
               300 Ottawa Avenue N.W., Suite 700
               Grand Rapids, MI 49503
               Telephone: (616) 776-7500
               Facsimile: (616)
               E-mail: elund@dykema.com

               *Attorneys for Defendant*
               *TTI Floor Care North America*