UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

---

| | |
|---|---|
| BISSELL HOMECARE, INC, | : |
| Plaintiff, | : |
| v. | : No. 1:08-cv-724 (RJJ) |
| | : DYSON UNIT |
| DYSON, INC. | : |
| Defendant. | : |

---

## DEFENDANT DYSON INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE SECOND AMENDED (DYSON) COMPLAINT

Defendant, Dyson, Inc. ("Dyson"), through its undersigned counsel, submits the following answer, affirmative defenses and counterclaims in response to the Second Amended (Dyson) Complaint (the "Complaint") of Plaintiff Bissell Homecare, Inc. ("BISSELL").

### PARTIES AND JURISDICTION

1. BISSELL is a corporation organized under the laws of Michigan with its principal place of business in Grand Rapids, Michigan.

**Response to Paragraph 1**: Upon information and belief, Dyson states that BISSELL is a corporation organized under the laws of Michigan with its principal place of business in Grand Rapids, Michigan.

2. Upon information and belief, Dyson is an Illinois corporation with offices in Chicago, Illinois.

**Response to Paragraph 2**: Dyson admits the allegations of paragraph 2.

3. This action arises under the patent laws of the United States. This action is brought pursuant to 35 U.S.C. § 271, *et seq*.

**Response to Paragraph 3**: Dyson admits that BISSELL purports to bring this action under the patent laws of the United States, set forth in 35 U.S.C. § 271 *et seq.*, but denies that BISSELL has any valid claim against Dyson.

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338.

**Response to Paragraph 4**: Dyson admits that this Court has subject matter jurisdiction over this matter.

5. This Court has personal jurisdiction over Dyson because, among other things, Dyson has caused injury in Michigan by its offers to sell and actual sales of infringing products in Michigan.

**Response to Paragraph 5**: Dyson admits that this Court has personal jurisdiction over Dyson because Dyson sells and/or offers to sell certain products in Michigan, but denies the remaining allegations of paragraph 5.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400 because, *inter alia*, personal jurisdiction over Dyson is proper in this District.

**Response to Paragraph 6**: Dyson admits that it has agreed for the purpose of this action that venue in this District is proper and that this Court has personal jurisdiction over Dyson.

### BISSELL'S BUSINESS AND INTELLECTUAL PROPERTY

7. BISSELL manufactures and sells, *inter alia*, vacuum cleaners for home use under BISSELL trademarks.

**Response to Paragraph 7**: Upon information and belief, Dyson states that BISSELL manufactures and sells branded vacuum cleaners in the United States.

8. BISSELL is the owner of U.S. Patent No. 6,344,064 (the "'064 patent"), which is directed to a method and apparatus of particle transfer in multi-stage particle separators.

**Response to Paragraph 8**: Dyson states that, upon information and belief, BISSELL owns the '064 patent and that the '064 patent is entitled "Method and Apparatus of Particle Transfer in Multi-Stage Particle Separators."

9. BISSELL is the owner of U.S. Patent No. 6,582,489 (the "'489 patent"), which is also directed to a method and apparatus of particle transfer in multi-stage particle separators.

**Response to Paragraph 9**: Dyson states that, upon information and belief, BISSELL owns the '489 patent and that the '489 patent is entitled "Method and Apparatus of Particle Transfer in Multi-Stage Particle Separators."

10. BISSELL is the owner of U.S. Patent No. 7,247,181 (the "'181 patent"), which is directed to a cyclonic dirt separation module.

**Response to Paragraph 10**: Dyson states that, upon information and belief, Bissell owns the '181 patent and that the '181 patent is entitled "Cyclonic Dirt Separation Module."

11. BISSELL has sold in the past, and continues to sell, products covered by the '064 patent, the '489 patent, and the '181 patent.

**Response to Paragraph 11**: Dyson states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and denies them on that basis.

12. BISSELL has marked its products with the '064 patent, the '489 patent, and the '181 patent before at least some of the acts of infringement by Dyson identified in this Complaint.

**Response to Paragraph 12**: Dyson states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 that relate to BISSELL's alleged marking and denies them on that basis. Dyson further denies the remaining allegations of paragraph 12.

13. By the acts described below, Dyson has infringed BISSELL's '064 patent, '489 patent, and '181 patent to BISSELL's irreparable injury.

**Response to Paragraph 13**: Dyson denies the allegations of paragraph 13.

## COUNT I:
## Patent Infringement

14. BISSELL incorporates the allegations set forth in Paragraphs 1 through 14 above as though fully set forth herein.

**Response to Paragraph 14**: In response to paragraph 14, Dyson repeats and incorporates its responses to paragraphs 1 through 13 as though fully set forth herein.

15. Dyson represents that it is in the business of making and/or selling vacuum cleaners for home use.

**Response to Paragraph 15**: Dyson admits that it is in the business of, *inter alia*, selling vacuum cleaners for home use and denies the remaining allegations of paragraph 15.

16. Upon information and belief, Dyson makes, manufactures, sells, or offers to sell, its products at national retail stores in Michigan and elsewhere in the United States.

**Response to Paragraph 16**: Dyson admits that it sells and/or offers to sell certain of its products in Michigan and elsewhere in the United States and denies the remaining allegations of paragraph 16.

17. Dyson infringes at least one claim of the '064 patent, and/or Dyson induces or contributes to infringement(s) of at least one claim of the '064 patent by one or more others, by the manufacture, use, import, offer for sale, and/or sale of one or more cyclonic vacuum cleaners associated with Dyson.

**Response to Paragraph 17**: Dyson denies the allegations of paragraph 17.

18. Dyson infringes at least one claim of the '489 patent, and/or Dyson induces or contributes to infringement(s) of at least one claim of the '489 patent by one or more others, by the manufacture, use, import, offer for sale, and/or sale of one or more cyclonic vacuum cleaners associated with Dyson.

**Response to Paragraph 18**: Dyson denies the allegations of paragraph 18.

19. Dyson infringes at least one claim of the '181 patent, and/or Dyson induces or contributes to infringement(s) of at least one claim of the '181 patent by one or more others, by the manufacture, use, import, offer for sale, and/or sale of one or more cyclonic vacuum cleaners associated with Dyson.

**Response to Paragraph 19**: Dyson denies the allegations of paragraph 19.

20. Dyson will continue to infringe the '064 patent, the '489 patent, and the '181 patent unless enjoined by this Court.

**Response to Paragraph 20**: Dyson denies the allegations of paragraph 20.

21. BISSELL has suffered and will continue to suffer monetary damages as a result of Dyson's infringing activities.

**Response to Paragraph 21**:  Dyson denies the allegations of paragraph 21.

22.     BISSELL has suffered and will continue to suffer irreparable harm as a result of Dyson's infringing activities.

**Response to Paragraph 22**:  Dyson denies the allegations of paragraph 22.

23.     Upon information and belief, Dyson's infringements of the '064 patent, the '489 patent, and the '181 patent have been with at least constructive knowledge of the patents.

**Response to Paragraph 23**:  Dyson denies the allegations of paragraph 23.

24.     Based upon this information and belief, Dyson's infringements of the '064 patent, the '489 patent, and the '181 patent have been willful.

**Response to Paragraph 24**:  Dyson denies the allegations of paragraph 24.

25.     BISSELL is entitled to damages for Dyson's direct and/or indirect infringements, including, but not limited to, all damages available at law and equity, including damages pursuant to 35 U.S.C. §§ 284 and 285.

**Response to Paragraph 25**:  Dyson denies the allegations of paragraph 25.

26.     BISSELL is entitled to all remedies at law and equity, including, but not limited to, an injunction pursuant to 35 U.S.C. § 283.

**Response to Paragraph 26**:  Dyson denies the allegations of paragraph 26.

## JURY DEMAND

27.     BISSELL requests a trial by jury on all issues so triable.

**Response to Paragraph 27**:  Dyson admits that BISSELL has requested a jury trial in this matter; no further response is required from Dyson.

## ANSWER TO PRAYER FOR RELIEF AGAINST DYSON

In response to the prayer for relief against Dyson set forth in the Complaint, Dyson incorporates its responses to paragraphs 1 through 27 herein and denies that BISSELL is entitled to any of the relief requested against Dyson or any judgment against Dyson.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE
(Noninfringement and Invalidity)

28. As to each claim of the '064, '489, or '181 patents, Dyson's use, sale, offer for sale, or importation of its products has not infringed and will not infringe that claim—directly, indirectly, literally, under the doctrine of equivalents, or in any other manner—and/or that claim is void and invalid for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### SECOND DEFENSE
(Laches)

29. BISSELL's claims against Dyson are barred in whole or in part under the doctrine of equitable estoppel and/or laches.

### THIRD DEFENSE
(Failure to mark)

30. BISSELL's claims against Dyson are barred in whole or in part under 35 U.S.C. § 287.

### FOURTH DEFENSE
(Unclean hands)

31. BISSELL's claims against Dyson are barred in whole or in part by the doctrine of unclean hands.

## FIFTH DEFENSE
### (Inequitable Conduct)

32. The '064, '489, and '181 patents are unenforceable due to BISSELL's inequitable conduct, which is set forth in Dyson's Second and Third Counterclaims and incorporated by reference herein.

Dyson reserves the right to add additional affirmative defenses if necessary pursuant to the schedule set by the Court.

## COUNTERCLAIMS

For its Counterclaims, Dyson states and alleges as follows:

1. Dyson is a corporation organized under the laws of the State of Illinois and has its principal place of business in Chicago, Illinois.

2. Upon information and belief, and as alleged by BISSELL in the Complaint, BISSELL is a corporation organized under the laws of Michigan with its principal place of business in Grand Rapids, Michigan.

3. Dyson's counterclaims are brought under the patent laws of the United States. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a); venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement and Invalidity)

4. An actual and justiciable controversy exists between Dyson and BISSELL, as evidenced by the Complaint, which alleges that the '064, '489 and '181 patents are infringed by Dyson.

5. Dyson seeks a declaratory judgment that, as to each claim of the '064, '489, and '181 patents, its use, sale, offer for sale, or importation of its products has not

infringed, and will not in the future infringe, that claim—directly, indirectly, literally, under the doctrine of equivalents, or in any other manner—and/or that claim is void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability**
**of the '064 and '489 Patents Due to Inequitable Conduct)**

6. Dyson realleges and incorporates by reference the allegations in paragraphs 1 through 5 above.

7. Dyson seeks a declaratory judgment that the '064 and '489 patents are unenforceable due to inequitable conduct.

8. U.S. Patent No. 2,171,248 (the "'248 patent"), entitled "Vacuum Cleaning Apparatus," issued on August 29, 1939.

9. The '248 patent is highly material prior art that affects the patentability of the claims of the '064 and '489 patents.

10. Upon information and belief, the applicant for the '064 and '489 patents ("Applicant") never disclosed the '248 patent during prosecution of the '064 and '489 patents, and the '248 patent is not listed on the face of the '064 and '489 patents as a cited reference.

11. Upon information and belief, Applicant was aware of the '248 patent because Applicant cited it in the prior prosecution of U.S. Patent No. 6,334,234 (the "'234 patent"), and, despite this knowledge, Applicant did not bring the '248 patent to the Examiner's attention during the prosecution of the '064 and '489 patents.

12. Applicant attempted to obtain priority to the '234 patent during prosecution of the '064 patent. Upon information and belief, it knew that its attempts failed.

13. Because, upon information and belief, Applicant failed to disclose the highly material '248 patent with an intent to deceive the United States Patent & Trademark Office (the "PTO") during prosecution of the '064 and '489 patents, both patents are unenforceable due to inequitable conduct.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability**
**of the '181 Patent Due to Inequitable Conduct)**

14. Dyson realleges and incorporates by reference the allegations in paragraphs 1 through 13 above.

15. Dyson seeks a declaratory judgment that the '181 patent is unenforceable due to inequitable conduct.

16. According to the Manual of Patent Examining Procedure (the "MPEP") and Title 37 of the Code of Federal Regulations (the "C.F.R."), any substantial copying of claims done without citation to the source of the copied claims constitutes inequitable conduct before the PTO.

17. On November 7, 2001, United States Patent Application No. 09/986,076 was filed with the PTO, and was issued as United States Patent No. 6,607,572 (the "'572 patent"), entitled "Cyclonic Separating Apparatus," on August 19, 2003. The '572 patent was assigned to Dyson Limited.

18. Claim 27 of the '572 patent recites the following:

> A cyclonic separating apparatus, comprising an upstream cyclone unit and a downstream cyclone unit,
>
> the upstream cyclone unit comprising at least one cyclone having a first end and a second end, and the downstream cyclone unit comprising at least one cyclone having a first end and a second end,

> wherein the at least one cyclone of the upstream cyclone unit is substantially cylindrical in shape between the first and second ends thereof,
>
> wherein the upstream and downstream cyclone units are arranged relative to one another so that the orientation of at least one cyclone of the downstream cyclone unit is substantially inverted with respect to the orientation of at least one cyclone of the upstream cyclone unit, and
>
> wherein the at least one cyclone of the downstream cyclone unit is frusto-conical in shape between the first and second ends thereof.

19. In language virtually identical to that in claim 27 of the '572 patent, claim 36 of the '181 recites the following:

> A vacuum cleaner comprising:
>
> a suction nozzle opening adapted to draw dirt from a surface to be cleaned;
>
> a cyclonic separator having an inlet opening communicating with the suction nozzle and an outlet opening for exhausting cleaned air;
>
> an airstream suction source fluidly connected to cyclonic separator outlet opening for selectively establishing and maintaining a dirt-containing airstream from the suction nozzle opening through the cyclonic separator;
>
> wherein the cyclonic separator comprises an upstream cyclone and a downstream cyclone;
>
> the upstream cyclone including a first end and a second end, and the downstream cyclone having a first end and a second end,
>
> wherein the upstream cyclone is substantially cylindrical in shape between the first and second ends thereof,
>
> wherein the upstream and downstream cyclones are arranged relative to one another so that the orientation of the downstream cyclone is substantially inverted with respect to the orientation of the upstream cyclone, and
>
> wherein the downstream cyclone is frusto-conical in shape between the first and second ends thereof.

20. Upon information and belief and based upon the substantial similarity between claim 27 of the '572 patent and claim 36 of the '181 patent, the applicant for the '181

-11-

patent (the "'181 Applicant"), substantially copied the language of claim 36 in the '181 patent from claim 27 of the '572 patent.

   21.     Upon information and belief, the '181 Applicant failed to inform the PTO of the copying, thus misleading the PTO into believing that the '181 Applicant had originated the language of what ultimately issued as claim 36 of the '181 patent.

   22.     This conduct violates the PTO rules codified in the MPEP and the C.F.R., which allow claim copying only if an applicant complies with his or her duty of disclosure by notifying the PTO of the copying and identifying the source of the copied claim language.

   23.     Furthermore, upon information and belief, the '181 Applicant did not disclose certain highly material prior art relating to the patentability of the '181 patent.

   24.     Upon information and belief, the '181 Applicant did not disclose the following specific references: United States Patent No. 2,837,172, entitled "Centrifugal Separator," issued on June 3, 1958; United States Patent No. 3,283,480, entitled "Dust Collector," issued on November 8, 1966; and United States Patent No. 4,927,536, entitled "Hydrocyclone Separation System," issued on May 22, 1990. Upon information and belief, the '181 Applicant was aware of the foregoing references, and, despite that knowledge, the '181 Applicant failed to disclose those highly material references to the PTO. Moreover, those references are not listed on the face of the '181 patent as cited references.

   25.     Because, upon information and belief, the '181 Applicant failed to disclose highly material prior art with an intent to deceive the PTO during the prosecution of the '181 patent, that patent is unenforceable due to inequitable conduct.

   WHEREFORE, defendant Dyson prays for judgment as follows:

   (a)     Dismissal of the Complaint with prejudice;

   (b)  A judicial declaration declaring that Dyson has not directly or indirectly infringed any claims of the '064, '489, or '181 patents under any subsection of 35 U.S.C. § 271;

   (c)  A judicial declaration declaring U.S. Patent Nos. 6,344,064; 6,582,489; and 7,247,181 invalid;

   (d)  A judicial declaration declaring U.S. Patent Nos. 6,344,064; 6,582,489; and 7,247,181 unenforceable due to inequitable conduct;

   (e)  An award to Dyson of its costs in this action and its reasonable attorneys' fees; and

   (f)  Granting Dyson such other and further relief as may be just and proper.

Dated: June 26, 2009

               s/ Joseph M. Infante

               Richard A. Gaffin
               Joseph M. Infante
               MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
               1200 Campau Square Plaza
               99 Monroe Avenue, N.W.
               Grand Rapids, Michigan 49503
               (616) 454-8656
               gaffin@millercanfield.com

               *Attorneys for Defendant Dyson, Inc.*

OF COUNSEL:
Garrard R. Beeney
James T. Williams
Jane J. Jaang
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000