UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISSELL HOMECARE, INC.,

                Plaintiff,

v.

DYSON, INC.,

                Defendant.

_____/

Case No. 1:08cv724

HON. ROBERT J. JONKER

Dyson Unit

## CASE MANAGEMENT ORDER

       This Case Management Order governs the Dyson Unit of this litigation.  The TTI Unit has been resolved.

       The Court establishes the following deadlines to facilitate development of any claim construction and prior art issues:

Plaintiff's Claim Chart:                             **September 25, 2009**

       Plaintiff's claim chart shall identify:  (A) which claims(s) of its patents  it alleges are being infringed; (B) which specific products or methods of Defendant it alleges literally infringe each claim; and (C) where each element of each claim listed in (A) is found in each product or method listed in (B), including the basis for each contention that the element is present.  If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate this on its claim chart and, in addition to the information required for literal infringement, Plaintiff shall also explain:  (A) each of the functions required for literal infringement; (B) the ways and results Plaintiff contends are equivalent; and (C) why it contends that any differences are not substantial.

Defendant's Response to Claim Chart                     **October 9, 2009**

       Defendant's response to the claim chart shall indicate with specificity which elements on Plaintiff's claim chart it admits are present in its accused device or process, and which it contends are absent.  In the latter regard, Defendant will set forth in detail the basis for its contention that the element is absent.  As to the doctrine of equivalents, Defendant shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

Defendant's Prior Art Statement:                    **October 31, 2009**

       Defendant shall serve on Plaintiff a list of all of the prior art then known to Defendant and on which it then intends to rely for invalidity contentions regarding claims identified in Plaintiff's claim chart, a statement of which claims(s) asserted

by Plaintiff to which each item of prior art applies, and the relevant section of 35 U.S.C. § 102 and § 103 under which each item of prior art is applied ("Defendant's Prior Art Statement").

| | |
|---|---|
| Plaintiff's Prior Art Statement: | **November 13, 2009** |

Plaintiff shall serve on Defendant "Plaintiff's Prior Art Statement," in which it will state for each item of prior art its position on whether the prior art applies to each claim identified by Defendant under each identified statutory section.

| | |
|---|---|
| Parties' exchange of lists of claim terms contemplated to be interpreted | **November 20, 2009** |
| Joint Statement of Claim Interpretation Issues: | **December 20, 2009** |

The parties shall simultaneously exchange a list of claim terms, phrases, or clauses which each party contends should be construed by the Court. The parties shall thereafter meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement to be filed with the Court. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

| | |
|---|---|
| Telephone Conference to discuss the need for a *Markman* hearing. The call shall be initiated by counsel for plaintiff, getting all parties on the line and calling into chambers at 616.456.2551. | **January 18, 2010 at 11:00 a.m.** |

In addition, the following case schedule is **ORDERED**:

### IT IS HEREBY ORDERED:

| | |
|---|---|
| Trial Date<br>Before the Hon. Robert J. Jonker, Gerald R. Ford Federal Building, Courtroom 699, 110 Michigan, N.W., Grand Rapids, Michigan | JANUARY 10, 2011<br>8:30 a.m. |
| Jury or Non Jury | Jury |
| Join Parties or Amend Pleadings by Party Consent Alone: | SEPTEMBER 15, 2009 |

| | |
|---|---|
| Rule 26(a)(1) Disclosures including without limitation known lay witnesses: | OCTOBER 15, 2009 |
| Disclose Name, Address, Area of Expertise and a short summary of expected testimony of expert witnesses Rule 26(a)(2)(A): | |
| Party with burden of proof: | APRIL 30, 2010 |
| Rebuttal: | MAY 31, 2010 |
| Expert Reprots Rule 26(a)(2)(B): | |
| Party with burden of proof: | May 15, 2010 |
| Rebuttal: | June 19, 2010 |
| Interrogatories Limited To | 25 single part questions |
| Depositions Limited To | 10 per party |
| Discovery Deadline | AUGUST 15, 2010 |
| Settlement Conference Counsel shall jointly advise the Court whether a settlement conference with the magistrate judge is desired no later than October 15, 2009. | OCTOBER 15, 2009 |
| Final Pretrial Conference Before the Hon. Robert J. Jonker, Gerald R. Ford Federal Building, Courtroom 699, 110 Michigan, N.W., Grand Rapids, Michigan | DECEMBER 20, 2010 2:00 p.m. |
| ADR                           To Take Place On Or Before: | MAY 31, 2010 |

1.      <u>TRIAL DATE AND SETTING</u>:  This case is scheduled for trial before the Honorable Robert J. Jonker, Ford Federal Building,  110 Michigan, NW, Grand Rapids, Michigan, as set forth above.

2.      <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>:  All stipulations for joinder of parties and all stipulations to amend the pleadings must be filed by the date set forth in the table above to ensure amendment as a matter of consent under Rule 15(a)(2). Proposed amendments after the noted date are by leave of court.

3.      <u>DISCLOSURES AND EXCHANGES</u> Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, production of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4.     DISCOVERY:  All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions must be completed before the close of discovery.  Interrogatories will be limited as set forth in the table above.  Depositions will be limited as set forth in the table above.  There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5.     MOTIONS:

    a.     Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3.  They will be referred to Magistrate Judge Hugh W. Brenneman, Jr. in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A).  In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    b.     Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above.  If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed.   The case manager will notify counsel of the date for oral argument.

    c.     The parties are strongly encouraged to file motions in limine at least fourteen (14) calendar days prior to the final pretrial conference, but in no event shall they be filed later than the date for the submission of the proposed Final Pretrial Order.

6.     ALTERNATIVE DISPUTE RESOLUTION:  In the interest of facilitating prompt resolution of this case, and the parties having voluntarily selected facilitative mediation, this matter shall be submitted to facilitative mediation.  The parties have ten (10) calendar days from the date of this Order to jointly choose one mediator from the list of court certified mediators.[1]  Plaintiff is responsible for notifying the ADR Administrator [2] of the name of the selected mediator.  If the parties are unable to jointly select a mediator, they must notify the ADR Administrator, who will select a mediator for them.  Once the mediator is selected, a Notice will issue regarding the method and schedule for the mediation conference.

7.     SETTLEMENT CONFERENCE:  The parties are under an ongoing obligation to engage in good faith settlement negotiations.  No settlement conference has been scheduled at this time.

---

[1]  www.miwd.uscourts.gov

[2]  ADR Administrator, U.S. District Court, 399 Federal Building, 110 Michigan St., NW, Grand Rapids, MI 49503; 616/456-2381; adr@miwd.uscourts.gov

8.      FINAL PRETRIAL CONFERENCE:  A final pretrial conference is scheduled at the date and time set forth above.

9.      PREPARATION OF PROPOSED FINAL PRETRIAL ORDER:  A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **three (3) business days** prior to the final pretrial conference in the following form:

> A final pretrial conference was held on the ____ day of _____.  Appearing for the parties as counsel were:
>
> (List the counsel who will attend the pretrial conference.)
>
> 1.      Exhibits:  The following exhibits will be offered by the plaintiff and the defendant:
>
> (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number.  Plaintiff shall use numbers; defendant shall use letters.  Indicate with respect to each exhibit whether and for what reason its admissibility is challenged.  Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial.  Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3)(B).)
>
> 2.      Uncontroverted Facts:  The parties have agreed that the following may be accepted as established facts:
>
> (State in detail all uncontroverted facts.)
>
> 3.      Controverted Facts and Unresolved Issues:   The factual issues remaining to be determined and issues of law for the Court's determination are:
>
> (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)
>
> 4.      Witnesses:
>
> a.      Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:
>
> (List names, addresses, and telephone numbers of all non-experts who will testify.  Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the anticipated testimony of

each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

      b.     Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

(List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5.     <u>Depositions and Other Discovery Documents</u>:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

(Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6.     <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7.     <u>Prospects of Settlement</u>: The status of settlement negotiations is:

(Indicate progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

10.     MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused by the court in advance upon a showing of good cause, the attorney who is to conduct the trial shall attend the final pretrial conference and shall be accompanied by the individual parties or representative of the party (other than the attorney himself or herself) with full settlement authority.

Three (3) days prior to the final pretrial conference, exhibit books shall be submitted to the Court. Exhibits shall be clearly identified. Counsel for the parties shall provide three (3) sets of notebooks with the exhibits to the Court. The exhibits should be divided and tabbed with the exhibit numbers. A list of the exhibits (Attachment, Exhibit 1) should be located in the front of the notebooks. One set of notebooks is for the Court, one set is for the deputy clerk in the courtroom, one set is for the use of the witnesses. When bringing a document to the attention of the Court and witnesses, counsel asking the questions should refer to the notebook volume and exhibit number.

Counsel shall arrange to have all documentary exhibits digitized for projection on the large screen in the courtroom. Counsel are responsible for projection of the exhibits using their own computers and software compatible with the Court's electronic system. Scheduling and questions concerning the use of electronic projection is accomplished by sending an e-mail to courttech@miwd.uscourts.gov, or by calling (616) 732-2757. Information concerning the features of the electronic evidence projection in the courtroom is available at the court's website: www.miwd.uscourts.gov (click on *Courtroom Technology* link).

11.     PREPARATION FOR TRIAL:

A.      Each party shall file the following not later than **three business days** prior to the commencement of the **final pretrial conference:**

i.      Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

ii.     Trial briefs.

B.      The parties shall jointly file the following not later than **three business days** prior to the **final pretrial conference:**

i.      Proposed jury instructions. This Court uses Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions. A copy of these instructions is available on the Court's website

(www.miwd.uscourts.gov).[3]  The court generally uses O'Malley, Grenig & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set.  Standard instructions may be submitted by number.  Other non-standard instructions shall be submitted in full text, one per page, and include reference to the source of  each requested instruction.  Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection.

The parties are required to submit a copy of the joint statement of case and statement of the elements, joint proposed jury instructions, and joint proposed verdict form(s) compatible with IBM computer/Corel WP 9.0 by e-mail to Judge Jonker's Judicial Assistant, Yvonne Carpenter at Yvonne_Carpenter@miwd.uscourts.gov.

ii.   A joint statement of the case and statement of the elements that must be proven by each party.  If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed.  The statement(s) of the case will be read to the prospective jurors during jury selection.  The elements that must be proven by each party will be included in the preliminary jury instructions.

Dated:   September 16, 2009            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE

---

[3] The instructions are located within the Electronic Filing section, and you will need to use your E-Filing Login and Password to access them.  Once you have logged into the electronic filing section of the website, click Utilities, then select WDMI Attorney References and you will see the link to the Standard Civil Jury Instructions.

ATTACHMENT - EXHIBIT 1

| Exhibit No./Letter | Description | Offered By | Objection | Date Offered | Date Received |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |