UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISSELL HOMECARE, INC.,

       Plaintiff,                                CASE NO. 1:08-CV-724

v.

                                                    HON. ROBERT J. JONKER

DYSON, INC.,

       Defendant.

_____/

**REQUEST FOR INTERNATIONAL ASSISTANCE (LETTER ROGATORY)**

To:    The Superior Court of Justice for the Province of Ontario
        161 Elgin Street, 2d Floor, Ottawa, Ontario, Canada K2P 2K1

The United States District Court for the Western District of Michigan presents its compliments and requests international judicial assistance to obtain documents from Bereskin & Parr LLP, located at 40 King Street West, 40th Floor, Toronto, Ontario, Canada M5H 3Y2, and Wayne Ernest Conrad, an individual residing in Ontario who may be contacted through his lawyers at Bereskin & Parr LLP.  The documents may be used at trial in the above-captioned action, which is currently scheduled for trial on January 10, 2011, in Grand Rapids, Michigan, U.S.A.

The United States District Court for the Western District of Michigan further requests that the appropriate judicial authority of Canada compel the appearance of the individuals named below to give deposition testimony:

Philip C. Mendes da Costa
Bereskin & Parr LLP
40 King Street West, 40th Floor
Toronto, Ontario, Canada
M5H 3Y2
Phone: (416) 364-7311
Fax: (416) 361-1398

Wayne Ernest Conrad
c/o Bereskin & Parr
40 King Street West, 40th Floor
Toronto, Ontario, Canada
M5H 3Y2
Phone: (416) 364-7311
Fax: (416) 361-1398

The assistance described in this Letter Rogatory is important to the interests of justice in this matter.

I.  SUMMARY OF THE CASE

This is a civil case brought by Plaintiff BISSELL Homecare, Inc. ("BISSELL").  Plaintiff alleges that Defendant Dyson, Inc. ("Dyson") infringes three United States patents, two of which – Nos. 6,344,064 ("the '064 Patent") and 6,582,489 ("the '489 Patent") – were prosecuted by Mr. Mendes da Costa of Beresekin & Parr LLP ("Bereskin & Parr).  Wayne Ernest Conrad is the sole named inventor of the '064 and '489 patents.

In response to BISSELL's allegations, Dyson alleges that the '064 and '489 patents are unenforceable due to inequitable conduct that occurred during the prosecution before the United States Patent & Trademark Office of the applications that led to the '064 and '489 patents.  Dyson has attempted to obtain the requested discovery from BISSELL, but BISSELL maintains that its files regarding the prosecution of the relevant patent applications are limited, because it acquired the '064 and '489 Patents from other entities.  Dyson seeks documents from the firm of Bereskin & Parr and from Mr. Conrad relating to the prosecution of the applications that ultimately issued as the '064 and '489 Patents, as well as documents relating to the prosecution of Related Applications, as that term is defined below.  BISSELL seeks documents from the firm of Bereskin & Parr and from Mr. Conrad concerning documents and communications involving Dyson.  The parties further seek to depose Messrs. Mendes da Costa and Conrad.  The requested discovery is relevant to the parties' claims and defenses in this action.

II.  EVIDENCE REQUESTED

The Court requests that counsel for Dyson in the above-captioned matter be provided with the following requested documents from the firm of Bereskin & Parr and from Mr. Conrad:

1.  All documents relating to the preparation or prosecution of the application for the '064 Patent or any Related Application – including application number

    09/595,175 – as well as any and all prior art considered in the course of preparing or prosecuting any of those applications.

  2. All documents relating to the preparation or prosecution of the application for the '489 Patent or any Related Application – including application number 10/022,534 – as well as any and all prior art considered in the course of preparing or prosecuting any of those applications.

In addition, Mr. Conrad is requested to produce to counsel for Dyson:

  3. Any documents reflecting communications with BISSELL regarding the '064 Patent, the '489 Patent, or any Related Application.

The Court further requests that counsel for BISSELL in the above-captioned matter be provided with the following requested documents from the firm of Bereskin & Parr and from Mr. Conrad:

  4. All documents and communications to, from, or involving Dyson – or any predecessor, related company, or representative thereof (e.g., Dyson, Ltd. or James Dyson) – concerning the '064 Patent, the '489 Patent, their patented subject matter, or any Related Application(s).

The Court also requests that counsel for Dyson and BISSELL be permitted to take the deposition testimony of Messrs. Mendes da Costa and Conrad within a reasonable time following the production of the documents requested above.  The testimony will be taken under oath and will be videotaped and transcribed by a court reporter.

  The Topics of Deposition will be:

  1. The application for the '064 Patent, including its preparation or prosecution, and/or the preparation or prosecution of any Related Application – including application number 09/595,175 – and all prior art considered in the course of preparing or prosecuting any of those applications.

  2. The application for the '489 Patent, including its preparation or prosecution and/or the preparation or prosecution of any Related Application – including application number 10/22,534 – and all prior art considered in the course of preparing or prosecuting any of those applications.

  3. Any issue raised by documents produced to either party.

  The term "Related Application" shall mean any and all applications related to the '064 and '489 Patents, including any provisional or non-provisional applications, continuations,

continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, foreign counterpart applications, and any other applications disclosing, describing or claiming any invention disclosed, described or claimed in the '064 and '489 Patents, or claiming the benefit of the filing date of any application whose benefit is claimed in the '064 and '489 Patents, whether or not abandoned and whether or not issued.

III.    REIMBURSEMENT OF COSTS

This Court understands that fees and costs may be incurred in the execution of this Letter Rogatory and that such fees and costs are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Evidence Convention.  These fees and costs, as apportioned between the parties by the Superior Court of Justice for the Province of Ontario, will be reimbursed by the parties.

The United States District Court for the Western District of Michigan Extends its assurances of highest regard and consideration to the judicial authorities of Canada.

Date: May 21, 2010

Signature: /s/Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF MICHIGAN

_____
SEAL OF THE COURT