UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BISSELL HOMECARE, INC.

                          Plaintiff,

               v.

DYSON, INC.,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 08-CV-724 (RJJ)

Honorable Robert J. Jonker

**DEFENDANT DYSON, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF BISSELL HOMECARE, INC.'S MOTION TO COMPEL
<u>A RESPONSE TO INTERROGATORY NOS. 2 AND 3</u>**

Richard A. Gaffin
Joseph M. Infante
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
1200 Campau Square Plaza
99 Monroe Avenue, N.W.
Grand Rapids, Michigan 49503
(616) 454-8656
gaffin@millercanfield.com

*Attorneys for Defendant Dyson, Inc.*

OF COUNSEL:
Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Jane J. Jaang
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

July 2, 2010

Defendant Dyson, Inc. ("Dyson") respectfully submits this memorandum of law in opposition to Plaintiff BISSELL Homecare, Inc.'s ("Plaintiff") Motion to Compel a Response to Interrogatories 2 and 3 of Plaintiff's First Set of Interrogatories, filed on May 25, 2010 (D.E. # 133). As set forth below, Plaintiff's Motion is moot because Dyson has responded to the two interrogatories in question.

On September 9, 2009, Plaintiff served the following interrogatories in its First Set of Interrogatories:

> **INTERROGATORY No. 2**. Identify each date on which each Dyson Product was first offered for sale and sold in the United States; identify the three people most knowledgeable about such first for sale [sic] and first sale; and identify each document relating to such first offer for sale and first sale.

> **INTERROGATORY No. 3**. Identify, by calendar year, the yearly revenues, unit sales, gross profits, and net profits received by or on behalf of Dyson for each Dyson Product sold or otherwise disposed of in the United States (including any sales of refurbished products) since the Dyson Product's introduction and identify the three people most knowledgeable about the revenues, unit sales, gross profits, and net profits received by or on behalf of Dyson for each Dyson Product sold or otherwise disposed of in the United States.

On October 19, 2009, Dyson served objections and responses to Plaintiff's First Set of Interrogatories and, in response to Interrogatories 2 and 3, agreed to identify business records that provide the requested information pursuant to FED. R. CIV. P. 33(d). Rule 33(d) provides that "[i]f the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ."

On April 30, 2010, Dyson supplemented its responses to Interrogatories 2 and 3 by identifying a business record bearing Bates numbers D 0000170 to D 0000185 that provides

the number of units of each Accused Product sold in the U.S. since the date of its first sale through 2009.  On June 3, 2010, Dyson further supplemented its responses to Interrogatories 2 and 3 by identifying financial reports that provide detailed information about Dyson's U.S. unit sales, revenues, and costs from 2002 through 2010.  For example, Dyson identified a business record bearing Bates numbers D 0313040 to D 0313349 that provides Point of Sale or "POS" data of weekly unit sales as well as sales categorized by channel, units and model.  Dyson also identified documents bearing Bates numbers D 0310799 to D 0312729 and D 0312739 to D 0312877, which are reports providing the following information:  (i) "Summary Profit and Loss Account" statements, broken down by month and year-to-date, that detail net revenue, profit before tax, profit after tax, and retained profit; (ii) balance sheets; (iii) cost information for advertising and materials; and (iv) "P&L Data Entry" pages, which include engineering, commercial, customer-service, and brand-related overheads; promotional expenditures; net revenue; costs of sales; gross margin; and other income.

The business records described above contain highly-sensitive, commercial information as well as information that has no relevance to this litigation.  Dyson thus redacted the following categories of information from the documents it identified in its June 3 supplemental responses to Interrogatories 2 and 3:  (i) information that identifies Dyson's retailers by name and associates those retailers with specific sales figures (*e.g.*, D 0313052 to D 0313058 and D 0313066 to D 0313073); (ii) information relating to non-floor care products that are not accused of infringing any patents in this case (*e.g.*, D 0312739 to D 0312740, D 0312751 to D 0312753, D 0312756 to D 0312757, D 0312791 to D 0312792, and D 0312794); and (iii) information reflecting sales or asset transfers within the Dyson group (*e.g.*, D 0312757

to D 0312763 and D 0312781 to D 0312789). The redacted information is not responsive to Interrogatories 2 and 3.

On June 28, 2010, Plaintiff asserted that Dyson's supplemental interrogatory responses are insufficient because the referenced business records do not provide yearly revenues, gross profits or net profits for each accused product. Dyson has advised Plaintiff, however, that it is continuing to look for additional responsive, non-privileged records. If any such records exist, Dyson will produce them promptly.

In addition to identifying business records pursuant to Rule 33(d), Dyson also is making Maria Tryan, its Vice President of Finance, available on July 8, 2010 to provide corporate testimony, pursuant to Rule 30(b)(6), regarding Dyson's responses to Interrogatories 2 and 3. Ms. Tryan will be prepared to answer questions about the documents Dyson identified in its supplemental responses to those interrogatories.

In sum, Dyson is providing "complete, unequivocal answers to Interrogatory Nos. 2 and 3," to the extent that it maintains such information in the ordinary course of its business. As a result, Plaintiff's Motion is moot, and Dyson respectfully requests that this Court deny the motion in its entirety.

Dated:  July 2, 2010

                                           Respectfully submitted,


                                           /s/ Richard A. Gaffin

                                           Richard A. Gaffin
                                           Joseph M. Infante
                                           MILLER, CANFIELD, PADDOCK
                                           AND STONE, P.L.C.
                                           1200 Campau Square Plaza
                                           99 Monroe Avenue, N.W.
                                           Grand Rapids, Michigan 49503
                                           (616) 454-8656
                                           gaffin@millercanfield.com
                                           *Attorneys for Defendant Dyson, Inc.*


OF COUNSEL:
Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Jane J. Jaang
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000