UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | |
|---|---|
| BISSELL HOMECARE, INC., ) | |
| ) | Case No. 1:08-cv-724-RJJ |
| Plaintiff, ) | |
| ) | |
| vs. ) | Hon. Robert J. Jonker |
| ) | |
| DYSON, INC., ) | DYSON UNIT |
| ) | |
| Defendant. ) | |

### BISSELL HOMECARE, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL A RESPONSE TO INTERROGATORY NOS. 2 AND 3

Plaintiff, BISSELL Homecare, Inc. ("BISSELL"), respectfully submits this Reply in support of its Motion to Compel a Response to Interrogatory Nos. 2 and 3 ("Motion") and in response to Defendant, Dyson, Inc.'s ("Dyson"), Opposition thereto ("Opposition").

Dyson claims that BISSELL's Motion is "moot" and that it has fully complied with Interrogatory Nos. 2 and 3. Dkt. 154 at 2. Dyson is incorrect. Dyson has not produced the important information sought by Interrogatory Nos. 2 and 3. Moreover, according to a deposition taken last week, Dyson has—and always had—much of the requested information readily available to it. It has chosen not to produce that information or important, requested documents in the case.

**Interrogatory No. 2.** The parties' dispute over Interrogatory No. 2 is not "moot" because Dyson has not identified "each document relating to [the] first offer for sale and first sale of each Dyson product." Interrogatory No. 2. These requested documents include internal product launch documents, initial promotional documents, press releases, advertisements, and the like. Dyson has never identified these documents in any response to Interrogatory No. 2; telling,

Dyson omits any reference to these documents as having been produced or identified in its Opposition.  *See* Dkt. 154 at 2-3.

There is no dispute that the requested document identifications are relevant and material to the claims and defenses in this lawsuit.  How Dyson presented each product to the market helps to identify why Dyson regarded the accused products as novel at their introduction, and strengthens BISSELL's claims that the patent rights that Dyson unlawfully appropriated are valid and valuable.  This information is also important to BISSELL's damages case.  One measure of damages in a patent infringement lawsuit is a reasonable royalty.  *See* 35 U.S.C. § 284.  In general, a reasonable royalty measures the royalty that Dyson would have paid in a hypothetical negotiation that occurred at the beginning of the infringement, *e.g.*, when each individual accused product was introduced.  Dyson's internal discussions and marketing information relating to the introduction of each accused product would help establish Dyson's views regarding conveniences or operations of the accused products at the time of each product's introduction, which is indicative of the royalty Dyson would pay for its products at launch.

**Interrogatory No. 3.**  The parties' dispute over Interrogatory No. 2 is also not "moot."  Interrogatory No. 3 requests the unit sales, revenues, gross profits and net profits "for each DYSON Product sold or otherwise disposed of in the United States[.]"  Although Dyson has produced and identified documents that purport to show the unit sales of each Accused DYSON Product, Dyson has not produced documents indicating the revenues, gross profits and net profit received for each Accused Dyson Product.  Rather, Dyson has produced <u>consolidated</u> revenue, gross profit, and net profit information, which combines the information for the separate accused products into a single figure or set of figures.  A careful read of Dyson's Opposition demonstrates that Dyson does not deny this fact.  *See* Dkt. 154 at 2-3.

BISSELL requested this information separately for each accused product line because (once again) BISSELL's damage claims are based on an accused-product-by-accused-product analysis. The consolidated financial information that Dyson has produced fails to distinguish between the individual revenues and profits earned on each accused product, and it is insufficient for an accused-product-by-accused-product analysis. BISSELL needs to be able to distinguish between the profits and losses among each of the accused products. Moreover, as confirmed at last week's deposition of Dyson's acting President, Martin McCourt, per-product information is maintained by Dyson in the ordinary course of its business and is readily available to Dyson. Dyson has simply chosen not to produce it.

**Depositions are not a cure for Dyson's failure to provide information**. Finally, contrary to Dyson's claim in its Opposition, depositions are not a cure for Dyson's failure to provide the information requested in Interrogatory Nos. 2 and 3. *See* Dkt. 154 at 4. BISSELL served its Interrogatory Nos. 2 and 3 more than nine months ago in order to prepare for depositions of Dyson's witnesses: *e.g.*, to identify relevant documents and frame appropriate questions. Dyson has repeatedly promised that it will provide the responsive information, but still has not done so. Dyson's delays and unmet promises forced BISSELL to proceed with three depositions last week without this information and gather what discovery it could. The parties will incur additional expense when Dyson re-produces some or all of these witnesses after it finally provides an answer to these interrogatories. Moreover, the deposition of Ms. Tryan scheduled for July 8, 2010, may also need to be repeated when Dyson finally provides the requested information and produces the relevant documents. Indeed, if past depositions are a guide, it is highly unlikely that Ms. Tryan will have specific recall without the documents or information sought by Interrogatory Nos. 2 and 3.

July 6, 2010	Respectfully submitted,


                                                                       */s/ Michael R. Brunelle*
                                                                        Michael R. Brunelle

                                                                        Daniel R. Gravelyn (P40306)
                                                                        Barnes and Thornburg LLP
                                                                        171 Monroe Ave., NW Suite 1000
                                                                        Grand Rapids, MI 49503
                                                                        Telephone:  616-742-3930
                                                                        dgravelyn@btlaw.com

                                                                        Paul B. Hunt
                                                                        Jeff M. Barron
                                                                        Michael R. Brunelle
                                                                        Barnes and Thornburg LLP
                                                                        11 South Meridian Street
                                                                        Indianapolis, IN 46204
                                                                        Telephone:  317-231-7751
                                                                        phunt@btlaw.com
                                                                        jbarron@btlaw.com
                                                                        mbrunelle@btlaw.com

                                                                        *Attorneys for BISSELL Homecare, Inc.*

INDS02 1118351